EASTERN DIST.
*June*, 1836.

SIMPSON
*vs.*
HIS CREDITORS.

ty, in the nature of a possessory action, cannot be pleaded as an exception.

---

### SIMPSON *VS.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Minors cannot claim a *privilege* on the property of their tutors, on account of the tutorship, which affects *personal* as well as *real* property. They have only a legal mortgage, to take effect from the date of the tutorship.

This appeal was taken by the syndic of the plaintiff's creditors, and as a creditor himself, and by another creditor, from a judgment sustaining an opposition, in which the opponents were allowed a *privilege* and mortgage of the highest order, after the law and other privileged charges, on all the property of the insolvent, on account of his tutorship.

*A. N. Ogden,* for the appellants.

*Morgan, contra.*

*Martin, J.,* delivered the opinion of the court.

Beaumgard, the syndic, and Bartel, a creditor, are appellants from a judgment sustaining the opposition to the tableau of distribution, (presented by the syndic) of Catherine Roddy and others, and ordering them to be placed on said tableau collectively, for the sum of three thousand and eleven dollars and sixty-six and one-fourth cents, with a privilege of the highest order, after the law-charges and the vendor's privilege : Beaumgard being a creditor, with a legal mortgage, and Bartel, a creditor with a special mortgage, and placed on the tableau as such, by preference to the opposing creditors.

The mortgage of the appellees result from the tutorship of the insolvent ; that of Beaumgard from a legal mortgage, and that of Bartel, from a special one ; both of a much later date than that of the appellees, which had its effect from the marriage of the insolvent with the mother and tutrix. *Louisiana Code, article* 354. Neither of the appellants has any right to complain of the judgment on his own account ; but the syndic, in right of the mass of the creditors, justly complains that a *privilege* was granted ; minors being only entitled to a mortgage on the property of their tutors, which affects real estate only, while the privilege affects the personal also. *Louisiana Code, article 354.*

*Minors cannot claim a privilege on the property of their tutors, on account of the tutorship, which affects personal as well as real property. They have only a legal mortgage, to take effect from the date of the tutorship.*

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided and reversed, and this court proceeding to give such judgment as the court below ought, in their opinion, to have rendered, it is ordered, that the appellees be placed on the tableau of distribution, as mortgage creditors, from the date of the marriage of the insolvent, the appellees paying the costs of the appeal.